# Dowling, Admr. v. Horne.

## *Contest of Homestead Exemption.*

1. *Homestead; re-establishment after abandonment.*—Where a person, after he has leased his farm, on which was his dwelling, for a year, and while residing elsewhere, makes a new contract with his tenant, by which he was to resume possession of a part of the land and residence, in severalty, as respects the tenant, and, thereupon moves back upon the farm and into the dwelling and occupies a part thereof as his permanent residence, and cultivates a part of the land, such person is entitled to claim such farm, it not exceeding the statutory area and value, as a homestead, against a judgment recovered subsequent to his return.

2. *Same; right of claim though made with fraudulent intent.*—As to the right to claim lands as a homestead, it is immaterial that the claimant, after having abandoned them, should have resumed his residence on such lands for the express purpose, along with the intent to make it his present home, of forestalling any proceeding looking to the subjection of the land to his debt.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. W. FOSTER.

The proceedings in this case were had upon a contest of homestead exemption, which arose in the following manner : On March 7, 1895, Anna J. Dowling, as administratrix of the estate of John W. Dowling, deceased, recovered judgment in the circuit court of Dale county, against the appellee, Joel R. Horne. Upon this judgment an execution was issued and delivered to the sheriff on April 9, 1895, and was levied upon certain

[Dowling, Admr. v. Horne.]

lands belonging to the defendant, on July 24, 1895, which lands contained 160 acres. Upon the levy of this execution upon the lands, the defendant filed with the sheriff his claim to the lands levied upon as a homestead, and thereupon the contest was duly and regularly instituted by the plaintiff in the execution filing his contest of the claim in the regular form and within the time allowed by law.

Upon the hearing of this contest the evidence in the case tended to show that the contestee, who was the defendant in execution, during the month of January, 1895, leased the lands in execution to one J. J. Haynes for the year 1895. That upon said lands there was a dwelling house, which was also included in the lands rented to Haynes, and Haynes occupied said house as a residence. That in the month of February, the said Horne made arrangements with Haynes to occupy one of the rooms in the dwelling house, stating that he was going to make this place his home, and saying at the same time that he was in trouble, referring to the suit brought against him by the plaintiff in execution. It was further shown that under the arrangements made between Haynes and the defendant Horne, the latter, on March 2, moved all of his furniture into one of the large rooms of the dwelling house on the lands in question, and that he and his wife occupied said room from that time on as their home, using the kitchen and dining room conjointly with Haynes, and that he cultivated a part of the land upon the place.

Upon the hearing of all the evidence, the court at his request, gave the general affirmative charge in favor of the contestee, and to the giving of this charge the contestant duly excepted. There were verdict and judgment for the contestee, and the contestant appeals, and assigns as error the giving of the charge requested by the contestee.

LEE & LEE, for appellant. A right to claim homestead exemptions is lost when a person leases his premises and moves off, without first filing a declaration of his claim in the office of the judge of probate.—Code of 1886, § 2539; *Murphy v. Hunt*, 75 Ala. 438; *Pollak v. Caldwell*, 94 Ala. 149, and authorities cited; *Blum v. Carter*, 63 Ala. 235; *Boyle v. Shulman*, 59 Ala. 566; *Hudson*

[Dowling, Admr. v. Horne.]

*v. Kelly,* 70 Ala. 393 ; *Stow v. Lillie,* 63 Ala. 257 ; *Scaife v. Hargall,* 74 Ala. 473 ; *Sides v. Scharff,* 93 Ala. 106.

SOLLIE & KIRKLAND, *contra,* cited *Turner v. Turner,* 107 Ala. 467 ; *Herzfeld v. Beasley,* 106 Ala. 447 ; *Pollak v. Caldwell,* 94 Ala. 149 ; *Scaife v. Argall,* 74 Ala. 473 ; *Beckert v. Whitlock,* 83 Ala. 123 ; *Richardson v. Woodstock Iron Co.,* 90 Ala. 266 ; *Fuller v. Whitlock,* 99 Ala. 414.

McCLELLAN, J.—If Horne, instead of renting his entire farm for the year 1895, and taking up his own residence elsewhere, had in the first instance rented a part of the place and of the dwelling to Haynes, and continued himself to live in other part of the dwelling house and to cultivate other part of the land, and to have his family there, there could, of course, be no question but that he would be entitled to homestead against the plaintiff's judgment and execution. Can it make any difference that after letting the place to Haynes and while residing elsewhere, he made a new contract with the latter by which he was to resume possession of the land and residence in part, and not jointly with but in severalty as respects Haynes, and that he thereupon moved back on the place and into the house and took up his permanent residence there? We think not. This modification of the lease and resumption by Horne of his residence and domicil upon, and occupation and possession of, the land in question as a home, made it to all intents and purposes his homestead in as full and just a sense as if he had never abandoned it; and this character was impressed upon it before the plaintiff had acquired any lien on the property or even had obtained a judgment against the claimant. It is the well defined policy of our laws to secure homes to our citizens even against the just demands of honest creditors. To this end it is no fraud upon such creditors for the citizen to convert property liable to execution into a homestead not so liable even though his purpose be to avoid the subjection of such property to the payment of his debts ; and, in view of this beneficent and wise policy, it can be of no consequence in the present case that the claimant resumed his residence on the land in question for even the expressed purpose, along with intent to make

[Kimball v. Penney.]

it his present home, of forestalling any proceedings by plaintiff looking to the subjection of the land to her debt.

Upon the foregoing considerations we concur in the view taken by the trial court; and its judgment must be affirmed.

Affirmed.